IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| EARNEST M. WRIGHT | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO: |
| | ) | |
| STATE OF ALABAMA DEPARTMENT | ) | _____ |
| OF CORRECTIONS, Richard Allen, in his | ) | |
| official capacity as Director of the State of | ) | **JURY DEMAND** |
| Alabama Department of Corrections; | ) | |
| STATE OF ALABAMA PERSONNEL | ) | |
| DEPARTMENT, and Jackie B. Graham, | ) | |
| in her official capacity as Director of the | ) | |
| Alabama State Personnel Department | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

### I.     Introduction

1.      This is an action for legal and equitable relief to redress unlawful discrimination on the basis of race and retaliation against the plaintiff.  This suit is brought to secure the protection of and to redress the deprivation of rights secured by Title VII of the Civil Rights Act of 1964, including the Civil Rights Act of 1991, codified at 42 U.S.C. § 2000e *et seq*. (hereinafter "Title VII"); 42 U.S.C. § 1981 (hereinafter "Section 1981"); and the Fourteenth Amendment to the Constitution.  The plaintiff asserts his claims of relief for the defendants' violations of 42 U.S.C. § 1981 through 42 U.S.C. § 1983 (hereinafter "§ 1983").  The plaintiff requests a trial by jury of all issues triable by a jury.

1

## II.      Jurisdiction

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343, 2201 and

2202. This is a suit authorized and instituted pursuant to Title VII of the Act of Congress

known as the Civil Rights Act of 1964, as amended, including the Civil Rights Act of 1991

and 42 U.S.C. § 1981a. The jurisdiction of this Court is invoked to secure protection of and

redress deprivation of rights secured by 42 U.S.C. § 2000e, *et seq.* providing for relief against

race discrimination and retaliation.

3.       The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983 to secure protection

of and redress deprivation of rights secured by 42 U.S.C. § 1981.

## III.     Administrative Exhaustion

4.      The plaintiff has fulfilled all conditions precedent to the institution of this action under Title

VII.  The plaintiff filed a charge of discrimination with the Equal Employment Opportunity

Commission (the "EEOC") within 180 days of the occurrence of the last discriminatory act.

The plaintiff timely filed suit within 90 days of the receipt of Notice of Right To Sue from

the EEOC.  On or about May 13, 1993, plaintiff-intervenor Earnest Wright filed a motion to

intervene in *Tolbert et al. v. State of Alabama et al.*, CV-93-T-287-N.  Plaintiff-intervenor

Earnest Wright's claims were common to the claims of the class and on June 16, 1993, the

Court granted plaintiff's motion to intervene.  That suit was consolidated with the case *In Re:*

*Employment Discrimination Litigation Against the State of Alabama, et al., Eugene Crum,*

*Jr., et al. v. State of Alabama, et al.*, 94-T-356-N, in the Middle District of Alabama until the

plaintiff's recent motion to convert the plaintiff's claims to an individual complaint was

granted, and this Complaint is filed accordingly.

2

**IV.     Parties**

5.      The plaintiff, Earnest M. Wright (hereinafter referred to as "plaintiff" or "Wright"), is an African American resident of Jefferson County, Alabama and is over the age of nineteen (19) years.   At the time of the discrimination complained of herein, the plaintiff was a resident of Birmingham, Alabama.  The plaintiff is a citizen of the United States, and a resident of the State of Alabama.

6.      The defendant, the State of Alabama Department of Corrections (hereinafter referred to as "defendant" or "DOC"), is an employer subject to suit under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* The State of Alabama Department of Corrections employs at least fifteen (15) persons.  The defendant DOC is located in and conducts business in Montgomery, Alabama.

7.      The defendant Richard Allen is named in his official capacity as Director of the Department of Corrections.

8.      The defendant, State of Alabama Personnel Department (hereinafter referred to as "defendant" or "SPD"), is an employer subjecct to suit under Title VII of the Act of Congress known as the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 *et seq.* The Alabama State Personnel Department acted as a single and/or joint employer of the plaintiff with DOC, and/or acted as an agent of said defendant, within the meaning of Title VII and Section 1981.   The defendant SPD is located in and conducts business in Montgomery, Alabama.

**V.      Statement of Facts**

9.      The plaintiff re-alleges and incorporates paragraphs 1-8 above with the same force and effect as if fully set out in specific detail herein below.

10.    The plaintiff was employed by the defendant DOC as a Correction Officer for approximately eight years, from April 1986 until February 18, 1994, when the plaintiff was terminated.

11.    On or about November 3, 1992, Wright filed a charge of discrimination with the EEOC alleging race discrimination by the defendants DOC and SPD.  Wright alleged, *inter alia*, that he was selected to be laid off because of his race and that he was discriminated against in "the terms and conditions of his employment including, but not limited to, evaluations, discipline, demotions, roll-back, terminations, time of suspension, pay, compensation and separation from service."  Wright's charge of discrimination further alleged that "the Department of Corrections and State Personnel Department discriminates against Blacks as a class" and that Wright was subject to "disparate treatment which has resulted in disparate impact on [Wright] and other black employees of Respondent."

12.    Following his charge of discrimination, Wright was subjected to a pattern of illegal retaliation which was also race discrimination.  On or about January 25, 1993, Wright was issued a reprimand for "use of profanity/abusive language in supervising inmates."  Wright did not use profane or abusive language in supervising inmates.  Other employees who engaged in similar conduct to Wright were not subjected to written discipline or any other form of discipline.  Caucasian employees who engaged in similar conduct to Wright were not subjected to written discipline or any other form of discipline.

13.    On November 11, 1993, Wright was working at the William E. Donaldson Correctional Facility at his duty station in Tower Number 3.  The Correctional Facility has six (6) towers, each of which is staffed by a Correctional Officer.  On that night, the facility had three African American officers and three Caucasian officers working in the six towers.  On that

4

night, the assistant dog handler Harry Findley (Caucasian male) approached each of the towers.  Wright saw him approach and acknowledged that he saw him by turning the interior lights of the tower off and on again.  Wright also got off of his stool, walked to the door and asked what Finley wanted.  Finley did not respond, but instead got into his truck and drove off.  About thirty minutes later, Finley returned in the truck and parked outside the tower.  From the tower, Wright could see a small red light, which appeared to be the light from a video tape recorder.  Wright again asked Finley what he wanted, and Finley did not respond but then drove off again.

14.     On or about December 1, 1993, Wright and the two other African American officers each received notice from the Warden John E. Nagle that he intended to recommend their dismissal.  The three Caucasian officers who were working at the Correctional Facility that night were not disciplined or terminated.  The letter Wright received alleged violations of two standards of conduct: the employee's duty to "Render full, efficient, and industrious service" and the requirement that "Each employee's conduct shall, at all times, be consistent with the maintenance of proper security and welfare of the institution and of the prisoners under his or her supervision."

15.     On or about December 15, 1993, Wright appeared at a pre-dismissal conference held by Warden Nagle.  Following this hearing, Warden Nagle recommended Wright's dismissal to DOC Commissioner Tommy Herring.

16.     On or about February 16, 1994, Wright received a letter from DOC Commissioner Tommy Herring which informed Wright that his employment was terminated effective February 18, 1994.  The letter claimed that Wright was terminated based on the charges at the hearing.

According to this letter, Wright was charged with "Failure to to render full, efficient, and industrious service" and "Each employee's conduct shall, at all times be consistent with the maintenance of proper security and welfare of the institution and the prisoners under his or her supervision." The letter claimed that on November 11, 1993, Wright "failed to notice the presence of the assistant dog handler on the perimeter road or to acknowledge his presence at Tower 3." The three Caucasian officers who were working at the same facility that night were not disciplined or terminated.

17. On or about February 23, 1994, Wright filed a charge of discrimination with the EEOC on which alleged that his termination was illegal race discrimination. On or about April 28, 1994, Wright amended this charge of discrimination to allege that his termination was also illegal retaliation discrimination.

18. While his claims in this case were pending, Wright sought re-employment with the defendant DOC and was eventually notified by letter dated March 8, 2007 that his request for re-employment had been approved. Wright was not granted re-employment status but instead was required to take the written examination for Correction Officer Trainee in order to be placed on the register. Wright took the written examination and was eventually placed on the register by defendant SPD. Wright was re-hired by the defendant DOC on or about August 2007 and is now employed as a Corrections Officer pursuant to the Alabama State Merit System which is administered by SPD. Wright was not treated as an employee of the defendants DOC or SPD for any purpose during the interim period from November 1994 through August 2007, including retirement, pensions, seniority, and other benefits of employment.

**VI.     Causes of Action**

Count I - Race Discrimination in Violation of Title VII.

19.     The plaintiff re-alleges and incorporates paragraphs 1-18 above with the same force and

effect as if fully set out in specific detail herein below.

20.     The defendants DOC and SPD intentionally discriminated against the plaintiff on account

of his race. As a result and consequence of the defendants' intentional actions, the plaintiff

has suffered pain, financial damage, embarrassment, trauma and humiliation.

21.     The plaintiff asserts his Title VII claims against the defendants DOC and SPD only, and not

against the individual defendants.

Count II – Retaliation in Violation of Title VII

22.     The plaintiff re-alleges and incorporates by reference paragraphs 1-21 above with the same

force and effect as if fully set out in specific detail hereinbelow.

23.     The plaintiff engaged in protected conduct under Title VII by opposing conduct that the

plaintiff reasonably believed was unlawful.

24.     The defendants' treatment of the plaintiff, as discussed above, was causally connected to the

plaintiff's protected activity and thus violated Title VII, which prohibits retaliation for

opposing discriminatory employment practices.

25.     The plaintiff asserts his Title VII claims against the defendants DOC and SPD only, and not

against the individual defendants.

Count II - Race Discrimination in Violation of Section 1981.

26.     The plaintiff re-alleges and incorporates paragraphs 1-25 above with the same force and

effect as if fully set out in specific detail herein below.

27.   The defendants intentionally discriminated against the plaintiff on account of his race.  As a result and consequence of the defendants' intentional actions, the plaintiff has suffered pain, financial damage, embarrassment, trauma and humiliation.

28.   The defendants Allen and Graham, acting in their official capacities and under color of state law, intentionally, willfully, with deliberate indifference and without justification deprived the plaintiff of his federal statutory and constitutional rights, as described herein.  This deprivation violates the plaintiff's rights under Section 1981 and constitutes a violation of 42 U.S.C. § 1983.

29.   The plaintiff asserts this claim through Section 1983, and only against the defendants Allen and Graham in their official capacities.

Count IV – Retaliation in Violation of Section 1981

30.   The plaintiff re-alleges and incorporates by reference paragraphs 1-29 above with the same force and effect as if fully set out in specific detail hereinbelow.

31.   The plaintiff engaged in protected conduct under Section 1981 by opposing conduct that the plaintiff reasonably believed was unlawful.

32.   The defendants' treatment of the plaintiff, as discussed above, was causally connected to the plaintiff's protected activity and thus violated Section 1981, which prohibits retaliation for opposing discriminatory employment practices.

33.   The plaintiff asserts this claim through Section 1983, and only against the defendants Allen and Graham in their official capacities.

**VII.   Damages**

34.   The plaintiff is now suffering, and will continue to suffer, irreparable injury from the

8

defendant's unlawful conduct as set forth herein unless enjoined by this Court.

35.    The plaintiff has suffered embarrassment, humiliation, shame, damage to reputation, mental distress, emotional and physical pain and anguish and lost wages and other pecuniary losses as a consequence of the defendants' unlawful conduct.

36.    The plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged herein and this suit for lost wages, appropriate instatement, declaratory judgment, and injunctive relief is the only means of securing adequate relief.

## VIII.  Prayer for Relief

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

1.    Issue a declaratory judgment that the employment policies, practices, procedures, conditions, and customs of the defendants violate the rights of the plaintiff as secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," 42 U.S.C. § 2000e *et seq.*, as amended.

2.    Grant the plaintiff a permanent injunction against the defendants, their agents, successors, employees, attorneys and those acting in concert with the defendants and at the defendants' request from continuing to violate Title VII and Section 1981.

3.    Enter an Order requiring the defendants to make the plaintiff whole by awarding him instatement to the position and pay grade he would have attained absent race discrimination, lost wages (plus interest), and loss of benefits including retirement, pension seniority and other benefits of employment.

4.    The plaintiff further prays for such other relief and benefits as the cause of justice may

9

require, including, but not limited to, an award of costs, attorneys' fees and expenses.

**THE PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY**

Respectfully submitted,


*/s/ H. Wallace Blizzard*
H. Wallace Blizzard
Alabama State Bar Number 8969-B59H
Attorney for Plaintiff

OF COUNSEL:
WIGGINS, CHILDS, QUINN & PANTAZIS, LLC
The Kress Building
301 Nineteenth Street North
Birmingham, Alabama 35203
(205) 314-0500 main
(205) 254-1500 facsimile



Defendants' Addresses:
| | |
|---|---|
| Alabama Department of Corrections | Alabama State Personnel Department |
| P.O. Box 301501 | 300 Folsom Administrative Building |
| 301 S. Ripley Street | 64 North Union Street |
| Montgomery, Alabama 36130-1501 | Montgomery, Alabama 36130-4100 |
| | |
| Richard Allen, Director | Jackie B. Graham, Director |
| c/o Alabama Department of Corrections | c/o Alabama State Personnel Department |
| Alabama Department of Corrections | 300 Folsom Administrative Building |
| P.O. Box 301501 | 64 North Union Street |
| 301 S. Ripley Street | Montgomery, Alabama 36130-4100 |
| Montgomery, Alabama 36130-1501 | |